DOMENGEAUX, Judge.
The decedent Stephen J. Slavich, Sr., was first married to Hilda A. Lemmler from which union two children were born, namely Vernon G. Slavich and Stephen J. Slavich, Jr., and both his wife Hilda and his son Stephen J. Slavich, Jr., predeceased him. He was married a second time and then to Alice Nejlo Hudson Slavich (the appellee herein) on February 14, 1952 and no children were'born of said second union.
He executed an olographic will on July 17, 1957, which inter alia contained the following provision:
“In addition to the above my separate estate is indebted unto my loving wife, Alice, in the amount of $5000.00 which money was owned by her prior to our marriage, and which she advanced to me at various times to pay certain expenses such as my operations and to enable me to make repairs to my real property located at 913 Spain Street. In addition thereto, part of the aforesaid sum of $5000.00 was also used by me to buy certain items of furnishings including air conditioning units, Westinghouse refrigerator and T.V. set.”
On August 4, 1967 decedent executed a demand promissory note in favor of his wife Alice in the sum of $5,000.00. He died on April 5, 1968 and his succession was opened on August 16, 1968 by his widow in her capacity as testamentary executrix. Subsequent to the opening of the succession and probating of the aforementioned will, Mrs. Alice Slavich filed a “First Provisional Account and Proposed Distribution of Assets” which included a proposed payment to herself in the amount of $5,000.00 based on the testamentary provision in her husband’s will and the existence of the promissory note referred to herein. An opposition to said provisional account was filed by the decedent’s surviv *848 ing son from his first marriage, Vernon G. Slavich, and after trial of said opposition the lower court recognized the widow’s claim but reduced the $5,000.00 amount carried in the account to the sum of $4,-800.00.
Upon the trial of the opposition there were numerous stipulations between the parties concerning payment of attorney fees, administratrix fees and other debts of the succession. Vernon G. Slavich, the opponent, has sought and was granted a sus-pensive appeal from the lower court’s judgment only insofar as it allowed the claim of Mrs. Alice Slavich in the amount of $4,800.00. Mrs. Slavich has answered the appeal and prays that the lower court judgment be amended to include the entire $5,000.00 carried in the provisional account.
A review of the record in this case shows that prior to her marriage with the decedent, she owned a joint savings account with her sister in the Globe Homestead Association of New Orleans and that after her marriage, specifically on March 4, 1952, this account was transferred to “Mrs. Alice N. Slavich or Stephen J. Slav-ich, Sr.,” showing a balance of $800.00. The new account according to the ledger sheet shows withdrawals aggregating $730.75 through July 17, 1957, the date of the aforementioned will. The ledger also shows numerous deposits through July, 1963. At that time the account had grown to the sum of $2,198.30 because of dividends and deposits. The account was closed on that date by withdrawal of the whole amount by Mrs. Slavich. It was further shown that Mrs. Slavich owned two savings accounts in the Eureka Homestead Society, each in the amount of $2,-000.00 as of January 7, 1952. A review of the ledger sheets in both accounts shows that periodic withdrawals were made through May 4, 1955 at which time both accounts were depleted. On March 28, 1967 Mrs. Slavich received the sum of $2,308.33 as settlement for damages which she received in an automobile accident.
She testified in essence that the $5,000.00 which she is claiming herein and which amount was recognized by her deceased husband by will was money which she had before her marriage, having had same as evidenced by the aforementioned saving accounts, and which she had advanced to him by way of loan during their marriage. She testified that the money was loaned to him at various times for various things including repairs to her husband’s home and for an operation and that these periodic loans were represented by the various withdrawals which she had made from the homestead savings accounts. Concerning the settlement money of March 28, 1967, she testified the money was not placed in the bank or savings account but was used in the household.
The appellant contends that the lower court erred in allowing the appellee the sum of $4,800.00 on her claim against the decedent’s separate estate, questioning first, the conclusion of the lower court that appellee owned funds prior to her marriage and secondly, that even though she did own these funds, that she has failed to prove that she delivered them to her husband or expended them for his account.
The legal proposition presented to us is controlled under the provisions of Articles 2390 and 2391 of the Louisiana Civil Code and the jurisprudence thereunder. In essence, it provides that when a husband receives the paraphernal property of his wife she has a right of action against him for the restitution of such amount. In order to obtain restitution, she need only prove that her separate property, or the proceeds of a sale thereof, were delivered to her husband, and were used for his benefit or for the benefit of the community. She need not prove that the value of the community has been enhanced by the expenditure of her funds. Her burden, then, is twofold: first, she must show that she did, in fact, once have separate funds and second, she must show that the funds were either delivered to the husband or expended for the benefit of the community. Civil *849 Code Articles 2390 and 2391; Slater v. Culpepper, 233 La. 1071, 99 So.2d 348; Gouaux v. Gouaux, La.App., 211 So.2d 97, 98; Broyles v. Broyles, La.App., 215 So.2d 526.
Although Mrs. Slavich could not specify in minute detail the exact times and amounts that her separate funds were used on behalf of the community, nevertheless she did testify that the amounts loaned her husband for repairs to his home and for his operation represented the various withdrawals from her savings accounts and her award in her previous personal injury suit as this court has referred to herein-above. The recognition of his indebtedness to his wife is exemplified in the decedent’s will and also evidenced by the aforementioned promissory note which he gave. It is the opinion of this court that the appellee Mrs. Slavich has sustained her burden of proof up to and including the sum of $5,000.00. We conclude that the trial court was not correct in reducing her claim by the sum of $200.00. She was able to legally prove that she owned $4,800.00 prior to her marriage with the decedent, which amount is represented by the three homestead savings accounts in the amounts of $800.00, $2,000.00 and $2,000.00. She further proved that she owned another $2,308.33, since awards or settlements obtained by a wife in personal injury cases become her paraphernal property. LSA-C.C. art. 2402. She therefore proved that she had $7,108.33 in separate property. We are of the opinion that the promissory note executed by her husband, combined with the acknowledgement of his debt to her contained in his will, in addition to her uncontradicted testimony, is sufficient proof that she delivered at least the sum of $5,000.00 to her husband.
In view of the foregoing, the judgment of the lower court is amended so as to be increased by the sum of $200.00, and as thus amended is affirmed. All costs are to be borne by the appellant.
Amended and affirmed.